1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF WASHINGTON
9                         AT SEATTLE

10   ROY A. DAY,                              CASE NO. 14-cv-367RSM

11                  Plaintiff,

12        v.                                  PRE-FILING RESTRICTIVE ORDER
                                              AGAINST PLAINTIFF ROY A. DAY
13   STATE OF FLORIDA, et al.,                IN THE WESTERN DISTRICT OF
                                              WASHINGTON
14                  Defendants.

15

16      THIS MATTER comes upon the Court's recent Order to Show Cause and Plaintiff Roy

17   A. Day's response thereto, concerning the proposed entry of a pre-filing restrictive order against

18   him. Dkt. ## 10, 14. Having carefully considered Mr. Day's response, the relevant record of his

19   litigation in this District, and for the reasons set out below, the Court enters a pre-filing

20   restriction against Plaintiff as specified herein.

21                                        **Background**

22      Plaintiff Roy A. Day, a resident of the State of Florida and appearing *pro se* and *in forma*

23   *pauperis*, filed seven lawsuits in this Court on March 11 and March 13, 2014. The lawsuits arise

24

out of a stalking incident of Mr. Day's former coworker in Hudson, Florida in 2009, for which Mr. Day's employment at a Wal-Mart store was terminated and he was arrested and charged with criminal misdemeanor stalking. *See State v. Day*, Crim. No. 09-4772MMAWS. Plaintiff was tried, convicted, and sentenced to 300 days incarceration in the Pasco County Detention Center. *See In re Roy Day Litigation*, 2011 WL 550207, *2 (M.D. Fla. 2011).

In 2011, Plaintiff filed five complaints, nearly identical to five of the instant complaints, arising from these circumstances with the United States District Court for the Middle District of Florida. Four of these complaints were screened and dismissed with prejudice as frivolous and one was dismissed with leave to amend. *See In re Roy Day Litigation*, 2011 WL 550207 at **3-4. In the course of dismissing the complaints, the presiding judge recounted Mr. Day's vexatious and abusive litigious activities in the Middle District of Florida and the efforts taken to stem their tide, including entry of a pre-filing restriction and imposition of a sanction not less than $1000 for any proposed complaint found to be frivolous. *See In re Roy Day Litigation*, Case NO. 95-143-MISC-J (Dec. 21, 1995). The court subsequently imposed $4000 in sanctions for four attempted frivolous complaints. In dismissing the five complaints arising from the 2009 stalking incident, Judge Wilson noted that "Day's submission of a pile of materials has again damaged the judicial system" and warned that "this deviation from the policy of no screening until sanctions are paid will not be repeated." *In Re Roy Day Litigation*, 2011 WL 550207, at **6-7.

Upon Plaintiff's filing of the seven instant complaints in this Court, the Court conducted a review of Mr. Day's litigation activities within and without this District. This review revealed not only the filing of five of these complaints in the U.S. District Court for the Middle District of Florida, but also the filing of all seven of them in the U.S. District Court for the District of Delaware in November and December 2012. *See Day v. White, et al.*, Case NO. 12-1719-LPS.

PRE-FILING RESTRICTIVE ORDER - 2

1  The District of Delaware dismissed all seven of Plaintiff's cases pursuant to 28 U.S.C. § 1915 as
2  frivolous and malicious, for failure to state a claim, and/or as time-barred or barred by Eleventh
3  Amendment immunity. *See, e.g.*, Case NO. 12-1719, Dkt. # 7 (Apr. 8, 2013). The Third Circuit
4  affirmed all seven dismissals on appeal. *See Day v. Toner*, 530 Fed. Apps. 118 (3d Cir. 2013);
5  *Day v. Florida*, 530 Fed.Appx. 134 (3d Cir. 2013); *Day v. Ibison*, 530 Fed.Appx. 130 (3d Cir.
6  2013). After finding Plaintiff's response to a show cause order unresponsive, the district court
7  issued a pre-filing restrictive order enjoining Plaintiff from filing a case without prior
8  authorization of the court in an effort to avoid sanctions imposed by the Middle District of
9  Florida or related to the 2009 criminal misdemeanor stalking case. *See* Case No. 12-1718, Dkt. #
10  20 (D. Del. July 27, 2013).

11         Mr. Day carried forward his pattern of vexatious litigation by filing the seven previously
12  dismissed, above-captioned lawsuits in this Court. The seven lawsuits were filed against the
13  State of Florida, Sheriff Bob White, Pasco County Sheriff's Department, Major Brian Head,
14  Detective Daniel Toner, Donna H. Newton, Daniel Diskey, Brian Aungst, Jr., Mary Flanerty,
15  Wal-Mart Stores, Inc., James Schroder, Debra Roberts, Chris Sprowls, Lynda Barack, Sabrina
16  Farides, Elaine Horne, Laurie Nourse, Stanley R. Mills, Elizabeth Kovachevich, Susan H. Black,
17  J. L. Edmondson, and Steve E. Ibison. The Court screened the lawsuits pursuant to 28 U.S.C. §
18  1915(e)(2) and dismissed all of them with prejudice prior to service as malicious attempts to
19  circumvent bar orders issued by other U.S. District Courts and to abuse the judicial process by
20  raising claims already litigated and lost. The Court also dismissed each of them on additional,
21  individual grounds, including for failure to state a claim and for seeking monetary relief against a
22  defendant who is immune from suit, pursuant to 28 U.S.C. § 1915(e)(2)(B). *See, e.g.*, Case No.
23  14-cv-367RSM, Dkt. # 10. Mr. Day has appealed these dismissals. *See* Dkt. # 13.
24

As a result of the numerous filings in this Court, Plaintiff was ordered to show cause within 45 days why he should not be enjoined from filing any complaint, lawsuit, or petition for writ of mandamus in the United States District Court for the Western District of Washington: (1) in an effort to avoid sanction imposed upon him by the United States District Court for the Middle District of Florida, or (2) regarding or relating to the criminal misdemeanor stalking case filed against him on July 6, 2009 in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, wherein he was found guilty and sentenced, including but not limited to actions against the above-named Defendants. *See* Dkt. # 10. Mr. Day timely filed a response to the show cause Order. Dkt. # 14.

## **Analysis**

The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing restrictive orders against vexatious litigants with abusive and lengthy litigation histories. *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990); *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). "Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." *Weissman*, 179 F.3d at 1197. Because pre-filing restrictive orders present an extreme remedy, touching on a litigant's due process rights, courts should only issue them upon careful consideration and in rare circumstances. *See Molksi v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Nevertheless, '[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.'" *Id.* (quoting *De Long*, 912 F.2d at 1148).

In the Ninth Circuit, district courts must adhere to the following guidelines before entering a pre-filing restrictive order: (1) the litigant must be given notice and an opportunity to oppose the order before it is entered; (2) the district court must compile "an adequate record for review"; (3) the court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions"; and (4) the pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1149.

**1. Notice and Opportunity to be Heard**

"Due process requires notice and an opportunity to be heard." *De* Long, 912 F.2d at 1147 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). In this case, Plaintiff has been given notice and opportunity to oppose the pre-filing restriction. Although Plaintiff has responded to the show cause Order, his response fails to address the concerns of the Court. Instead, Plaintiff's response largely speaks to the issue of this Court's jurisdiction. As to Plaintiff's efforts to avoid the sanctions opposed on him in the Middle District of Florida, Plaintiff maintains that "the Eleventh Circuit is disqualified from proceeding on each and all legal actions of Plaintiff" and protests that the sanctions are "moot." Case No. 14-367 RSM, Dkt. # 14, p. 3. Plaintiff further asserts that he selected this District as his venue of choice due to its "EXCELLENT digital-electronic filing system." *Id.* at p. 4. As to his repeated filing of frivolous complaints arising from his 2009 criminal misdemeanor stalking case, Plaintiff asserts that he will refrain from filing such actions unless his prior pleadings are "altered or edited or deleted by Federal employees at PACER." *Id.* at p. 5. Plaintiff then proceeded to file two additional complaints, both of which were based on events arising in the State of Florida, and one of which raised claims already litigated and lost in two U.S. District Courts. *See* Case No. 14-579RSM, Case No. 14-582RSM.

1  The Court accordingly finds that Plaintiff has been given the opportunity to be heard that he may
2  be declared a vexatious litigant, and any due process concerns have been ameliorated.

3  **2.  Adequate Record for Review**

4  "An adequate record for review should include a listing of all the cases and motions that
5  [leads] the district court to conclude that a vexatious litigant order [is] needed. *De Long*, 912
6  F.2d at 1147 (citing *Martin-Trigona v. Lavien*, 737 F.2d 1254, 1260 (2d Cir. 1984). This record
7  must show, at a minimum, that the litigant's activities are numerous or abusive. There is no
8  threshold number of cases or motions that a litigant must file before a court may enter an order
9  restricting his ability to file. *See, e.g.*, *Clinton v. United States*, 297 F.2d 899, 900 (9th Cir. 1961)
10 (upholding a pre-filing restrictive order based on two previous attempts to litigate the same
11 claim); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir.
12 1983) (finding pre-filing injunction appropriate where plaintiff filed 35 complaints and
13 manifested an intention to continually re-litigate dismissed claims).

14     As discussed supra, Plaintiff has filed numerous complaints with this Court in a
15 transparent effort to re-litigate previously dismissed claims. Plaintiff filed the above-captioned
16 seven lawsuits in this Court, all related to criminal misdemeanor stalking charges filed against
17 him in 2009 in Pasco County, Florida: *Day v. State of Florida*, Case No. 14-cv-367RSM; *Day v.*
18 *Ibison*, Case No. 14-cv-369RSM; *Day v. Toner*, 14-cv-377RSM; *Day v. Diskey*, 14-378RSM;
19 *Day v. White*, 14-379RSM; *Day v. Wal-Mart Stores, Inc.*, 14-380RSM; *Day v. Roberts*, 14-
20 381RSM. Plaintiff additionally filed numerous identical motions under each of these cases. In his
21 self-styled "controlling case" *Day v. State of Florida*, Case No. 14-cv-367, Plaintiff filed a
22 Motion to Disqualify Judges in the Eleventh Circuit, a Motion for Temporary Restraining Order
23 and Preliminary Injunction, and a Motion for Emergency Ruling on Pending Motions. Dkt. # 6-8.
24

Plaintiff filed Motions to Consolidate and Motions to Disqualify Judges in the Eleventh Circuit under the six contemporaneous cases. *See, e.g.*, *Day v. White*, Case No. 14-379RSM, Dkt. ## 5, 6. Upon investing scarce judicial resources in reviewing his activities in other U.S. District Courts, the Court uncovered the abusive history behind each of these complaints, seven of which were previously dismissed as frivolous by the U.S. District Court for the District of Delaware and five of which were additionally dismissed by the U.S. District Court for the Middle District of Florida. These same filings resulted in imposition of a pre-filing restrictive order against Mr. Day in the District of Delaware. *See* Case 1:12-cv-01718-LPS, Dkt. # 20 (D. Del. July 26, 2013).

Mr. Day's litigation activities reveal a clear pattern of attempts to re-litigate cases in this District in an effort to avoid the $4000 in sanctions imposed by the Middle District of Florida and to bring previously dismissed claims to the eyes of a new Judge. Indeed, while the instant Order to Show Cause was pending, Mr. Day proceeded to file two new cases with this Court arising out of an automobile accident in Palm Harbor, Florida. *See* Case No. 14-579RSM, Case No. 14-582RSM. The identical complaint to that filed in *Day v. State of Florida*, Case No. 14-579RSM, was previously dismissed as frivolous by the District of Delaware, with the dismissal affirmed by the Third Circuit Court of Appeals. *See* Case No. 1:13-cv-01061LPS, Dkt. ## 8, 17 (D. Del. 2013). Mr. Day has also persisted in filing a barrage of Notice with numerous attached exhibits under the dismissed case, *Roy v. Ibison*, Case No. 14-369RSM. His filings make clear that he has selected this District as his venue of choice for continued litigation. The Court thus finds ample evidence that Plaintiff's litigious history in this District has been numerous as well as abusive of the scarce resources of this Court.

**3.  Findings of Frivolousness or Harassment**

Before a district court issues a pre-filing injunction, "it is incumbent on the court to make 'substantive findings as to the frivolousness or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148 (quoting *Powell*, 851 F.2d at 431). In making a finding of frivolousness, the district court must "look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." *Id.* Alternatively, the court may issue a pre-filing order upon locating a pattern of harassment. *Id.* In doing so, "the district judge needs to 'discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court.'" *Id.* at 1148 n. 3.

The record of Mr. Day's litigation in this Court supports findings of both frivolousness and harassment. The frivolousness of Mr. Day's seven complaints arising out of his 2009 stalking case is extensively catalogued in this Court's Order of April 10, 2014, which screened and dismissed each of them as frivolous and malicious pursuant to 28 U.S.C. § 1915. *See* Dkt. # 10. Indeed, this suite of complaints was dismissed as frivolous for the third time by this Court after Mr. Day's barrage of filings was interrupted by bar orders in the U.S. District Courts for the Middle District of Florida and for the District of Delaware. Mr. Day's complaints brought claims under 42 U.S.C. §§ 1983 and 1985 against all those individuals whom he believes to be connected to his stalking case, including a vast number of judicial officers, county officials, lawyers connected with the case, an F.B.I. agent, a juror, the State of Florida, and the stalking victim. While most of these Defendants are immune from suit and many of the claims barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), the complaints are, in any case, devoid of facts sufficient to support the claims pled. Rather, they overwhelmingly allege legal conclusions that the Defendants conspired to deprive him of his constitutional rights, unsupported by facts documenting a nexus between the Defendants and the claimed deprivations. An injunction is

consequently justified where Mr. Day's filings have been not only numerous, but also patently without merit. *See Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1999)(citing *In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982)).

      The Court further finds that Mr. Day's filing of a suite of similar actions, through which he slanders Defendants and demeans the integrity of the Court, manifests a pattern constituting harassment. Mr. Day's complaints are replete with abusive and malicious language directed against the many Defendants who are the subjects of his repeated filings. For instance, in *Day v. Toner*, Case NO. 14-cv-377RSM, Mr. Day refers to the victim who brought stalking charges against him as a "whore," "lesbian," "devil," "Grinch," "Frankenstein," and "Witch Magrit." His complaint against Wal-Mart and his former supervisor, Case No. 14-380RSM, is similarly rife with scandalous, degrading, and impertinent material, including references to the supervisor as a "high school bully and thug" and to Wal-Mart employees as "derelicts, drug addicts, alcoholics, tattoo freaks, whores, [and] lesbians." Mr. Day's litigious activities harass the judges and officers within the 11th Circuit Court of Appeals, whom he repeatedly targets with unsupported allegations of conspiracy. Mr. Day has gone so far as to abuse and harass the presiding Judge in this case. *See* Case No. 14-367RSM, Dkt. #13.  He has further displayed his patent intent to continue re-litigating and filing similarly frivolous complaints within this District against these same adversaries, spurred by our accessible electronic case management system and without regard for the scarcity of the Court's resources and the needs of its many litigants for resolution of their pending cases. *See* Case No. 14-367RSM, Dkt. # 14, p. 4 (professing that "[i]f Plaintiff knew of another Circuit that had a similar digital-electronic filing system for Pro Se litigants, since Plaintiff has been denied a full PACER access, Plaintiff would use that District Court as

well."). The Court accordingly finds that the number and content of Mr. Day's filings contain the requisite indicia of harassment as well as frivolousness to support entry of a pre-filing restriction.

### 4. Breadth of the Order

In entering a pre-filing restrictive order, the district court must ensure that the order is "narrowly tailored to fit the specific vice encountered" in order to "prevent infringement on the litigator's right of access to the courts." *De Long*, 912 F.2d at 1148 (quoting *Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984)). The instant pre-filing restriction is thus narrowly tailored to fit Plaintiff's specific practices of re-litigating the same previously dismissed actions and attempting to use this Court to evade the sanctions imposed by the Middle District of Florida, where his cases are properly venued.[1] The Court thereby curtails Mr. Day's ability to proceed with frivolous and harassing litigation at the public's expense; it does not restrain Mr. Day's ability to access the Court with non-frivolous actions.

### Conclusion

Having fully considered the record of Mr. Day's litigation and his response to this Court's Order to Show Cause, the Court concludes that Mr. Day is a vexatious litigant who has abused his privilege to request judicial relief by clogging the Court's docket with a string of frivolous, previously dismissed complaints. As a bulwark to prevent Mr. Day from further usurping the scarce resources of the Court with meritless litigation, the Court accordingly directs the Clerk to enter the following pre-filing Order:

---

[1] Although the Court may not dismiss Mr. Day's lawsuits *sua sponte* on these grounds, the Court takes notice that Mr. Day's cases are improperly venued in the Western District of Washington and that the Court lacks personal jurisdiction over most, if not all, of the Defendants. *See* Fed. R. Civ. P. 12(b)(2), (3).

(1) Mr. Day is enjoined from filing, without prior authorization of the Court, any complaint, lawsuit, or petition for writ of mandamus in the United States Court for the Western District of Washington:

    a. in an effort to avoid the sanctions imposed upon him by the United States District Court for the Middle District of Florida, or

    b. regarding or relating to the criminal misdemeanor stalking case filed against him on July 6, 2009 in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, wherein he was found guilty and sentenced, including but not limited to actions against the State of Florida, Sheriff Bob White, Pasco County Sheriff's Department, Major Brian Head, Detective Daniel Toner, Donna H. Newton, Daniel Diskey, Brian Aungst, Jr., Mary Flanerty, Wal-Mart Stores, Inc., James Schroeder, Debra Roberts, Chris Sprowls, Lynda Barack, Sabrina Farides, Elain Horne, Laurie Norse, Stanley R. Mills, Elizabeth Kovachevich, Susan H. Black, J. L. Edmondson, and Steve E. Ibison.

(2) Should Mr. Day proceed to initiate future claims in this District, any application for *in forma pauperis* ("IFP") status submitted by Mr. Day shall be subject to review by the Court prior to approval.

(3) Together with any proposed complaint, Mr. Day must file a copy of this Order and signed Motion for Leave to File. In the Motion for Leave to File, Mr. Day shall 1) provide a concise explanation of the factual and legal basis for the claim or claims presented; (2) certify that the complaint does not arise out of the 2009 stalking incident or seek to avoid sanctions imposed by the Middle District of Florida; (3) certify that the claim or claims

1  have not been dismissed with prejudice by this or any other court; and (4) provide a
2  statement as to the basis for jurisdiction and venue in the Western District of Washington.
3  (4) If the Court determines that Mr. Day has failed to comply with these conditions, his IFP
4  application shall be denied without further notice.
5  (5) The Clerk of the Court is directed to file any future claims by Mr. Roy A. Day made in
6  this District with the case number 14-cv-00367RSM, for review by the undersigned judge
7  consistent with the pre-filing restrictions of this Order. If IFP status is granted, the
8  complaint shall be assigned a new case number.

10  DATED this 21 day of May 2014.

        *[signature]*
        RICARDO S. MARTINEZ
        UNITED STATES DISTRICT JUDGE