# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ROY A. DAY, <br><br> Plaintiff <br><br> v. <br><br> STATE OF FLORIDA, <br><br> Defendant. | CASE NO. C14-367RSM <br><br> SECOND ORDER RE: PROPOSED COMPLAINT |

This matter comes before the Court on the proposed application to proceed in forma pauperis ("IFP") and proposed complaint filed by Plaintiff Roy A. Day on February 3, 2020, as well as Plaintiff's subsequent "Motion to Vacate." Dkts. # 24 and #26.

Mr. Day is currently subject to a Pre-Filing Restrictive Order entered on May 21, 2014. Dkt. #19. Pursuant to that Order:

> (2) Should Mr. Day proceed to initiate future claims in this District, any application for in forma pauperis ("IFP") status submitted by Mr. Day shall be subject to review by the Court prior to approval.
>
> (3) Together with any proposed complaint, Mr. Day must file a copy of this Order and signed Motion for Leave to File. In the Motion for Leave to File, Mr. Day shall 1) provide a concise explanation of the factual and legal basis for the claim or claims presented; (2) certify that the complaint does not arise out of the 2009 stalking incident or seek to avoid sanctions imposed by the Middle District of Florida; (3) certify that the claim or claims have not been dismissed with prejudice by this or any other court; and (4) provide a statement as to the basis for jurisdiction and venue in the Western District of Washington.

ORDER RE: PROPOSED COMPLAINT – 1

(4) If the Court determines that Mr. Day has failed to comply with these conditions, his IFP application shall be denied without further notice.

*Id.* at 11–12.

The Court has ruled that Mr. Day failed to comply with the above requirements by not including a copy of the Pre-Filing Order or a signed Motion for Leave to File addressing the four required elements. *See* Dkt. #25. Mr. Day now attempts to rectify these failures in his Motion to Vacate. Dkt. #26. Mr. Day includes a copy of the Pre-Filing Order, provides an explanation of the factual and legal basis for his claims, states that the complaint does not arise out of the 2009 stalking incident or seek to avoid sanctions imposed by the Middle District of Florida, and states that the claim has not been dismissed with prejudice by this or any other court. *Id*. Mr. Day does not provide a separate statement as to the basis for this Court's jurisdiction.

Vacating the Court's prior Order is not warranted as it contained no legal error. However, in the interest of justice and to conserve judicial resources the Court will consider all of the materials submitted as one package and proceed to review Mr. Day's proposed complaint prior to granting IFP status, as required by the May 21, 2014, Order. *See* Dkt. #19.

Mr. Day alleges that his credit card information was stolen by a Defendant John Doe and used to purchase $33.97 worth of merchandise from Defendant Amazon.com on November 27, 2019. Dkt. #24-1 at 3. This merchandise was then sent to an address different than the one listed on his credit card. He claims that Amazon.com was negligent in processing this charge, but also alleges that must have been "**AN '*INSIDE*' JOB**" because his credit card had been in his possession and control since it was received in the mail. *Id*. at 4 (emphases in original). On November 30, 2019, Mr. Day canceled and closed his credit card account. His causes of action appear to be negligence against Amazon, and fraud, libel and slander against Defendant John

ORDER RE: PROPOSED COMPLAINT – 2

Doe.[1] Mr. Day demands for the negligence claim $80,000 in compensatory damages, $100,000 in damages for mental pain and suffering, and $300,000 in exemplary damages. *Id*. at 12–13. He apparently calculated his compensatory damages by multiplying his "customer fee of $1,200/hour for programming" by 66 hours and 40 minutes. *Id*. at 10. He also states that "Plaintiff has suffered great mental pain and suffering with fright, chagrin, embarrassment, anger, nausea, nightmares, difficulty sleeping and his social life destroyed…" *Id*. at 11. Mr. Day later demands $200,000 in compensatory damages, $400,000 in damages for mental pain and suffering, and $500,000 in exemplary damages for his fraud, libel, and slander claims. *Id*. at 19.

Mr. Day attaches to his proposed complaint a December 1, 2019, letter from his bank acknowledging a fraudulent transaction and stating "[w]ith our $0 Fraud Liability benefit, you're never responsible for unauthorized charges." Dkt. #24-3. The letter states that Mr. Day's bank has "[t]emporarily credited the disputed amount" and that Mr. Day "is not responsible for this amount while our review is underway." *Id*. Mr. Day also attaches purported emails to Amazon with language such as "TO: JEFFERY P. BEZOS, CHAIRMAN, PRESIDENT, CEO (AMAZON.COM, INC.) (NO AGENT OR SERVANT – JEFFERY P. BEZOS ONLY)" and "JEFFERY P. BEZOS CONSIDERS FIFTY MILLION IN PUNITIVE DAMAGES TO BE A FAIR AND EQUITABLE SUM CERTAIN, AND THIRTY MILLION DOLLARS FOR EMOTIONAL DISTRESS DAMAGES TO BE A FAIR AND EQUITABLE SUM CERTAIN, AND ONE MILLION DOLLARS IN COMPENSATORY DAMAGES TO BE A FAIR AND EQUITABLE SUM CERTAIN, FOR THE NEGLIGENT, AND FRAUDULENT CONDUCT, ORCHESTRATED BY AMAZON.COM, INC., AND AMAZON.COM, INC. AGENTS,

---

[1] Mr. Day also makes reference to seeking a declaratory judgment concerning Amazon's liability for negligence and reserving the right to file a class action. *See* Dkt. #24-1 at 3 and 14.

ORDER RE: PROPOSED COMPLAINT – 3

SERVANTS, CO-CONSPIRATORS, SUBSIDIARIES, AND AFFILIATES, TO REFUSE AND CONTINUE TO REFUSE TO PROVIDE THE REQUESTED INFORMATION ON THE FRAUDULENT PURCHASE AND CHARGE (AMAZON CHARGE NUMBER: AMZN MKTP USA * J02PA2HF3 AMZN.COM/BILLWA - ( FOR $33.97 ) – November 27, 2019 – Belk Mastercard)…" Dkt. #24-2 (emphasis in original).

Mr. Day pleads, "[t]he jurisdiction of this court is invoked pursuant to the United States Code reflecting citizens of different States."[2] Dkt. #24-1 at 2.

The Court's first inquiry is whether it could have subject matter jurisdiction over these claims. Mr. Day pleads diversity jurisdiction and the Court agrees that this would be the only way for his claims to be before this Court; his complaint does not raise a viable federal question. *See* Dkt. #24-1, *see also* Dkt. #24-4 (civil cover sheet listing diversity as basis of jurisdiction). To establish subject matter jurisdiction on the basis of diversity, the plaintiff must show an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. Federal Rule of Civil Procedure 12(h)(3) provides that the Court must dismiss an action if it determines, at any time, that it lacks subject matter jurisdiction.

The amount in controversy here is not hundreds and hundreds of thousands of dollars. Such a demand is clear evidence of frivolousness. The pleading and attachments indicate that the fraudulent charge at issue—$33.97—was never even paid by Mr. Day. He paid nothing. His allegation that he spent dozens and dozens of hours of his time fighting this charge is contradicted by the letter from Mr. Day's bank indicating that he was not responsible for the charge and that it was being investigated by the bank. Even if he had spent 67 hours fighting this charge or pursuing his rights against Defendants, this time could not possibly add up to over $75,000 in

---

[2] Mr. Day pleads he is a resident of Florida and that Defendant Amazon resides in this District.

ORDER RE: PROPOSED COMPLAINT – 4

damages. Mr. Day's calculation of the value of his time, based on the record before the Court, is obviously frivolous. Further, his demands for emotional distress and exemplary damages are grossly disproportionate to the underlying injury and further point to the frivolousness of this action. The fact that these demands were originally in the tens of millions of dollars further demonstrates the frivolous nature of this action. *See* Dkt. #24-2. Given all of the above, the Court is convinced that it would not have subject matter jurisdiction over these claims if the complaint were permitted to proceed, and that this serves as a valid basis not to process Mr. Day's IFP application.

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). Given all of the above, the Court finds that this statute would serve as a second basis not to process Mr. Day's IFP application.

Accordingly, the Court hereby FINDS and ORDERS that Mr. Day's proposed IFP application is DENIED.

Dated this 13th day of February 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER RE: PROPOSED COMPLAINT – 5