# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ROY A. DAY,

    Plaintiff

v.

STATE OF FLORIDA,

    Defendant.

CASE NO. C14-367 RSM

ORDER DENYING MOTION FOR RELIEF UNDER RULE 60

This matter comes before the Court on Plaintiff Roy A. Day's "Motion for Rehearing or Reconsideration." Dkt. #28. The Court interprets this filing as seeking relief under Federal Rule of Civil Procedure 60. *See id.* at 2. Mr. Day argues that relief is warranted for "mistake, inadvertence, surprise, or excusable neglect." *Id.*[1]

Rule 60(b)(1) allows this Court to relieve a party from an Order based on "mistake, inadvertence, surprise, or excusable neglect." Such mistakes include the Court's substantive errors of law or fact. *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004). In order to obtain relief under Rule 60(b)(1), the movant "must show that the district court committed a specific error." *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989). For the reasons discussed below, Plaintiff has failed to show any error.

---

[1] The Court notes that Mr. Day's filing attempts to serve multiple functions; he also asserts that this filing serves as a "quasi-appeal" and includes a proposed jury verdict form. *See* Dkt. #28 at 7–8.

ORDER DENYING MOTION FOR RELIEF UNDER RULE 60 – 1

Mr. Day's main argument is that the Court "did not address the issue that Plaintiff has a right to a DECLARATORY JUDGMENT." *Id*. (emphasis in original). He argues that the Court has speculated as to the amount in controversy. He believes that the Court has forced him to engage in piecemeal litigation against the criminal Defendant John Doe who allegedly stole his credit card information. *Id*. at 3.

Under Federal Rule of Civil Procedure 12(h)(3) the Court must dismiss an action if it determines, at any time, that it lacks subject matter jurisdiction. The Court ruled in its prior Order that it clearly lacked diversity jurisdiction—the basis for jurisdiction asserted by Mr. Day—because the amount in controversy requirement could not possibly be satisfied based on facts alleged in the Complaint. Dkt. #27 at 4–5. The Court was not speculating as to the amount in controversy but finding that Mr. Day presented only clearly frivolous bases for exaggerating the amount in controversy thousands of times greater than the underlying injury. This was not error.

The Court also ruled that the Complaint "does not raise a viable federal question" after acknowledging in a footnote Mr. Day's efforts to seek a declaratory judgment. *Id*. at 3–4. "It is well settled that the Declaratory Judgment Act does not itself confer federal subject matter jurisdiction but merely provides an additional remedy in cases where jurisdiction is otherwise established." *City of Colton v. Am. Promotional Events, Inc.-West*, 614 F.3d 998, 1006 (9th Cir. 2010) (citation and quotation marks omitted). The Declaratory Judgment Act alone cannot provide the basis for federal jurisdiction in the instant case.

The Court correctly concluded that it lacks subject matter jurisdiction over the claims in the proposed complaint and thus, per the terms of the applicable Pre-Filing Restrictive Order in this case, Mr. Day's in forma pauperis ("IFP") application must be denied. Mr. Day has failed to demonstrate mistake, inadvertence, surprise, or excusable neglect.

Accordingly, the Court hereby FINDS and ORDERS that Mr. Day's "Motion for Rehearing or Reconsideration" (Dkt. #28) is DENIED. No further filings will be entertained as to these claims.

Dated this 26th day of February 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE